Filed 2/22/23  P. v. Garcia CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NICANDRO SANCHEZ GARCIA,<br><br>    Defendant and Appellant. | G061136<br><br>(Super. Ct. No. 19WF0700)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Andre Manssourian, Judge.  Affirmed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On several occasions, Garcia sexually molested then three-year-old D.A. and then 13 or 14-year-old R.V. The acts involving D.A. occurred in March 2019, while the acts involving R.V. occurred between August 2016 and March 2019. Garcia was a friend of the children's family.

Garcia was charged in an information with committing lewd acts upon a child under 14 (Pen. Code, § 288, subd. (a)) (counts 1, 3 & 4), sexual penetration of a child 10 years old or younger (*id.*, § 289) (count 2), and committing a lewd act upon a child of 14 years of age and at least 10 years younger than the defendant (*id.*, § 288, subd. (c)(1)) (count 5). The information also alleged, as to counts 1, 3, and 4, Garcia committed the offenses against more than one victim. (*Id.*, § 667.61, subds. (b), (e).)

A jury found Garcia guilty of the lesser included offense of simple battery on count 2 (Pen. Code, § 242), and found him guilty of the crimes charged in counts 3, 4, and 5. The jury found Garcia not guilty of count 1, and found the sentencing enhancement allegation to be not true as to all counts.

The trial court sentenced Garcia to a total term of eight years, eight months as follows: the midterm of six years on count 3, plus consecutive terms of two years on count 4 and eight months on count 5. The court suspended sentence on count 2. Garcia filed a timely notice of appeal.

DISCUSSION

Garcia raises a single issue on appeal: Whether the trial court erred by (1) ruling, after conducting an in camera review, documents from D.A. and R.V.'s sexual assault counselors did not contain any relevant information, and therefore (2) refusing to make those documents available to Garcia's trial counsel.

Before trial, Garcia served subpoenas duces tecum on Waymakers Orange County (Waymakers); one subpoena requested D.A.'s file and one requested R.V.'s file. The subpoenas requested copies of "the entire client file to include any/all documents inside file, referrals to outside agencies, log notes, meeting notes, and 'cheat' sheet for log note and meeting note code meanings/descriptions. The notes will include any referrals/communications involving child." Garcia's counsel filed a declaration under seal explaining the potential relevance of the Waymakers's documents.

Lita Mercado, the director of victim assistance and custodian of records for Waymakers, testified at a hearing on the subpoenas that Waymakers is a nonprofit organization providing rape crisis programs and serving as victim advocates for victims of violent crime. Mercado asserted the sexual assault counselor's privilege on behalf of D.A. and R.V. as to the documents requested by Garcia's subpoena. The trial court reviewed the documents in camera and determined they did not contain any relevant information to be provided to Garcia and his trial counsel.

"[I]nformation transmitted between the victim and the sexual assault counselor in the course of their relationship and in confidence by a means which, so far as the victim is aware, discloses the information to no third persons other than those who are present to further the interests of the victim in the consultation or those to whom disclosures are reasonably necessary for the transmission of the information or an accomplishment of the purposes for which the sexual assault counselor is consulted" is privileged. (Evid. Code, § 1035.4.) "The court may compel disclosure of information

3

received by the sexual assault counselor which constitutes relevant evidence of the facts and circumstances involving an alleged sexual assault about which the victim is complaining and which is the subject of a criminal proceeding if the court determines that the probative value outweighs the effect on the victim, the treatment relationship, and the treatment services if disclosure is compelled." (*Ibid.*)

When privileged information is sought, the trial court must "balance the defendant's need for cross-examination and the state policies the privilege is intended to serve. [Citation.]" (*People v. Hammon* (1997) 15 Cal.4th 1117, 1127.) The court may conduct an in camera hearing to conduct this balancing. (Pen. Code, § 1326, subd. (d).)[1]

This court has reviewed Garcia's trial counsel's declaration filed under seal, and all of the documents transmitted by the trial court under seal. We agree with the trial court's assessment the documents do not contain any relevant information. None of the documents created by Waymakers contains information bearing on D.A.'s or R.V.'s credibility, recall, or susceptibility, nor on the specifics of the alleged criminal actions.

---

[1] While this in camera review normally happens during trial, we disagree with the Attorney General's argument that because Garcia was not entitled to any privileged documents before trial as opposed to during trial, he cannot pursue his claims on appeal. Indeed, during the trial court hearing on the subpoenaed documents, the prosecutor agreed conducting an in camera review of documents midtrial was not practical, and could result in forcing a mistrial if discoverable documents were found then. Additionally, although the Attorney General emphasizes the hearing on the subpoenaed documents occurred 20 months before the criminal trial, the hearing occurred on the date originally set for trial. The parties agreed to continue the trial for 10 days, but the trial was further continued due to discovery disputes. The trial date was then postponed for a significant time due to the COVID-19 pandemic lockdown.

4

# DISPOSITION

The judgment is affirmed.


                                        MOTOIKE, J.


WE CONCUR:


GOETHALS, ACTING P. J.


DELANEY, J.